IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ANITRA R. TURNER**                                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 2:06cv227KS-MTP**

**WAL-MART STORES EAST, LP,**
**AND WAL-MART STORES EAST, INC.**                               **DEFENDANTS**

## ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT

This matter is before the court on Application for Entry of Default filed on behalf of the plaintiff. The court, having reviewed the application, the response and the pleadings and exhibits on file finds that the application is not well taken and should be denied.

Specifically, the court finds that this civil action was filed in the Circuit Court of Lamar County, Mississippi, on August 29, 2006. Service of process was completed upon Defendant Wal-Mart Stores East, LP, by service of a summons and copy of the complaint on its resident agent in Mississippi on September 6, 2006. Service of process was completed upon Defendant Wal-Mart Stores East, Inc., by service of a summons and copy of the complaint on its resident agent in Mississippi on September 19, 2006.

On October 6, 2006, this civil action was removed by the defendants to this court. Pursuant to F.R.C.P. 81(c), the defendants were required to answer or present other defenses within 20 days after service of the summons and complaint on them, or within 5 days after the filing of the petition for removal. Thus, the latest date upon which the defendants could timely answer or present other defenses was October 15, 2006.

This application for default was filed on October 17, 2006. The defendants responded to this motion and filed an answer to the original complaint on October 18, 2006, by asserting that counsel for Wal-Mart had just opened a new law firm as of September 1, 2006, and due to inadvertence, oversight and/or computer issues, did not file an Answer to the plaintiff's Complaint within the time period provided by the Federal Rules of Civil Procedure. They further stated that since having this error brought to the attention of Wal-Mart by way of an Application for Default filed by the plaintiff, Wal-Mart promptly filed its Answer to the plaintiff's Complaint.

The defendants argue that since this error was simply the result of inadvertence, oversight and/or computer error, denial of the plaintiff's default application will not unfairly prejudice the plaintiff, but instead would serve the ends of justice by permitting the case to be heard on the merits. Since the filing of this application, the parties have entered into a scheduling order and are in the process of completing discovery.

Based on the foregoing representations, the court finds that there is no prejudice to the plaintiff by the late filing of the defendants' Answer by three days and that the Application for Entry of Default **[#5]** should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Application for Entry of Default **[#5]** filed by the plaintiff is Denied.

SO ORDERED AND ADJUDGED this the 16th day of May, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE